UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD & MAKIYAH POTTS, JR. h/w ) | Case Number |
| ) | |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| MIDLAND CREDIT MANAGEMENT, ) INC. ) | JURY TRIAL DEMANDED |
| Defendant ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiffs, Richard & Makiyah Potts, Jr., h/w, by and through their undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I.   INTRODUCTORY STATEMENT

1. Plaintiffs, Richard & Makiyah Potts, Jr., h/w, are adult natural persons and bring this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.       Venue in this District is proper in that the Defendant transacts business in this District and maintains a mailing address in this District.

### III.     PARTIES

4.       Plaintiffs, Richard & Makiyah Potts, Jr., h/w, are adult natural persons residing at 6456 Fairborn Terrace, New Carrolton, MD 20784.  At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.       Defendant, Midland Credit Management, Inc. ("Defendant"), at all times relevant hereto, is a corporation engaged in the business of collecting debt within the State of Maryland and the Commonwealth of Pennsylvania with an office address at P.O. Box 603, Oaks, PA 19456.

6.       Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.     FACTUAL ALLEGATIONS

7.       In or about December, 2010, Plaintiffs began receiving calls from Defendant's agent, "Mr. Marcus", regarding a debt allegedly owed on a Friedman's Jewelry account.

8.       Plaintiffs were informed by Defendant's agent, "Mr. Marcus", that they owed approximately $335.00 on this account.

9.       Plaintiffs believe that this account is at least six (6) years old and has already been paid in full.

10.      On or about December 8, 2010, Defendant's agent, "Mr. Marcus", called and spoke with Plaintiff, Makiyah.

11. On said call, Defendant's agent, told Plaintiff, Makiyah, that her husband has been negligent in paying his bills and now she needed to step up and pay the debt for him.

12. Plaintiff, Makiyah, tried to explain that it was not her debt, and that she could not afford to pay it right now.

13. Plaintiff, Richard, took the call from his wife and spoke with Defendant's agent, "Mr. Marcus".

14. Defendant's agent, "Mr. Marcus", demanded to know why the debt had not been paid after all this time.

15. Defendant's agent, than started to pressure Plaintiff, Richard, for his social security number.

16. A supervisor of the Defendant abruptly took over the call and insisted that Plaintiff, Richard, stop his stalling tactics and just pay off his debt.

17. Plaintiffs continue to receive daily calls from the Defendant in regards to this debt.

18. To date Plaintiffs have never received anything in writing from the Defendant on this matter.

19. The practices and actions of the Defendant along with their agents have caused the Plaintiffs humiliation, anxiety, embarrassment and emotional distress.

20. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

21. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiffs to pay the debt.

22. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

23. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

25. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiffs reputation, damage to Plaintiffs credit, invasion of privacy, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I - FDCPA

26. The above paragraphs are hereby incorporated herein by reference.

27. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt"

defined by 15 U.S.C. § 1692a(5).20. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | | |
|---|---|---|
| §§ 1692c(b): | | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d: | | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | | Failure to send the consumer 30-day validation notice within five (5) days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Midland Credit Management, Inc. for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: December 17, 2010

BY: */s/ Bruce K. Warren BKW4066*
Brent F. Vullings, Esquire

BY: */s/ Brent F. Vullings BFV8435*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA  19046
215-745-9800   Fax 215-745-7880
Attorneys' for Plaintiff